**Nsilu KABONGO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–75696.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 8, 2009.

Adolfo Ojeda–Casimiro, Ojeda Law Offices, Duvall, WA, for Petitioner.

Robbin K. Blaya, U.S. Department of Justice, Washington, DC, Ronald E. Le-Fevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Nsilu Kabongo, a native and citizen of the Democratic Republic of Congo, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition for review.

The agency denied Kabongo's asylum claim as time-barred. Kabongo does not challenge this finding in his opening brief.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Kabongo's asylum application and his testimony regarding the date he was arrested. *See Don v. Gonzales*, 476 F.3d 738, 741–43 (9th Cir.2007) (inconsistent details about events that form the basis of a claim can support an adverse credibility finding); *see also Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir. 2004) (a negative credibility finding will be upheld so long as one of the identified grounds underlying the finding is supported by substantial evidence and goes to the heart of the asylum claim). Accordingly, we deny the petition as to Kabongo's withholding of removal claim.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.